THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff VICTOR MUNOZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MUNOZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIG BUS TOURS LIMITED; OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC; and DOES 1-20,<br><br>Defendants. | Civil Case No. 3:18-cv-05761-SK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Honorable Sallie Kim<br><br>Date: February 3, 2020<br>Time: 9:30 A.M.<br>Courtroom: Courtroom C, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, California |

# NOTICE OF MOTION AND MOTION

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 3, 2020, at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Sallie Kim, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 15th Floor, Courtroom C, Plaintiff Victor Munoz ("Plaintiff") will and hereby does move the Court, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Rule 23(c) and (e) of the Federal Rules of Civil Procedure, for final approval of the Parties' class action settlement, filed August 12, 2019 ("Settlement Agreement") (Docket No. 30), and for entry of the proposed order filed herewith.

DATED: December 30, 2019         Respectfully submitted,

                                 THE TIDRICK LAW FIRM LLP

                                 By:    /s/ Steven G. Tidrick
                                 _____
                                 STEVEN G. TIDRICK, SBN 224760
                                 JOEL B. YOUNG, SBN 236662

                                 Attorneys for Plaintiff Victor Munoz

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY

Plaintiff Victor Munoz ("Plaintiff") seeks final approval of a proposed class settlement and certification of a class and collective action for settlement purposes. The parties reached settlement through arm's-length bargaining by experienced counsel. The settlement will result in significant financial benefit to class members. The applicable notice clearly apprised class members of their rights to object to or opt out of the settlement. There is no suggestion of anything other than good faith and fair dealing on all material issues related to the resolution of the action. Therefore, Plaintiff respectfully submits that the proposed settlement warrants final approval.

### II.  NATURE OF THE CASE AND PROCEDURAL HISTORY

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES – *Munoz v. Big Bus Tours Limited et al.*, Civil Case No. 3:18-cv-05761-SK

In the interests of efficiency, Plaintiff refers the Court to (1) Plaintiff's motion for preliminary approval of the settlement, which describes the case and its procedural history. *See* Docket No. 24 ("Plaintiff's Motion for Preliminary Approval"), at ECF pages 4:6-6:1.[1] That motion also summarizes the terms of the settlement agreement, *see* Plaintiff's Motion for Preliminary Approval, at ECF pages 6:2-9:17, except that the requirement of a claim form was subsequently eliminated. See ECF No. 31, at ECF pages 3:13-3:3. The operative amended settlement agreement, captioned "STIPULATION RE: CLASS ACTION SETTLEMENT & RELEASE," was filed on August 12, 2019 (ECF No. 30) ("Settlement Agreement"). The Court entered an order preliminarily approving the settlement on September 5, 2019. *See* ECF No. 33.

### III. KEY FACTS SINCE PRELIMINARY APPROVAL

The following are key events that have transpired, and new information that is available, since the Court granted preliminary approval of the class settlement on August 7, 2017.

#### A. Noticed Was Mailed to the Settlement Class

Pursuant to the Court's order of preliminary approval, the Court-appointed settlement administrator, CPT Group, Inc., mailed the Court-approved class notice to the class members on September 26, 2019. *See* Declaration of Chris Lawless, filed herewith ("Lawless Decl."), ¶ 7 & Ex. A. Consistent with the Court's order of preliminary approval, the class notice specified a deadline of November 25, 2019 for exclusions (opt-outs) and objections. *See id*. at Ex. A (Notice, pages 6 and 7). The Lawless declaration explains why the mailing list consisted of 36 individuals, *see id.* ¶ 5, and consistent with that explanation, the proposed order filed herewith excludes 3 individuals from the settlement. *See* Proposed Order ¶ 16.

#### B. Plaintiff's Motion for Attorneys' Fees and Costs and Service Awards

Plaintiff filed his Motion for Award of Attorneys' Fees and Costs and Service Award on November 15, 2019 (ECF No. 34), which was ten days before the deadline for objections.

#### C. Positive Response by Settlement Class Members

The response of Settlement Class members has been positive overall. As of today's date

---

[1] In this brief, page references for ECF-filed documents refer to the page numbers at the tops of the pages generated by the ECF system, not to the page numbers at the bottoms of the pages.

(December 30, 2019), only one class member has requested exclusion from the settlement class, although the request was postmarked late, on December 2, 2019 (*i.e.*, after the November 25, 2019 deadline for exclusions), therefore there is a question as to whether that exclusion request is valid. *See* Lawless Decl. ¶ 12 & Ex. B. Therefore, the proposed order filed herewith allows the Court to decide whether that person shall be excluded them from the settlement. *See* Proposed Order ¶ 15. No objection to the settlement was received or filed. *See* Lawless Decl. ¶ 10.

### D. Class Counsel Have Requested an Award of Attorneys' Fees and Costs Less Than the Amount Allowed by the Settlement

The Settlement gives the Court discretion to award Attorneys' Fees and Expenses to compensate Class Counsel for their fees, costs, and expenses incurred in connection with the Action, with the total fees and costs not to exceed $20,000. *See* Settlement Agreement, ECF No. 30, at ECF pages 5 and 9, §§ 7 and 14. Plaintiff filed his Motion for Award of Attorneys' Fees and Costs and Service Award on November 15, 2019, which requested only $17,500 in attorneys' fees and $1,089.51 in costs. *See* ECF No. 34, at ECF page 2. That is less than the maximum of $20,000 allowed under the settlement, which means that the difference, $1,410.49, inures to the benefit of the class, because it will be part of the net settlement amount. *See* Settlement Agreement, ECF No. 30, at ECF page 5, § 7.

### E. The Projected Average Payment to Class Members Is $1,125.99

If the Court grants final approval to the $70,000 settlement and grants Plaintiff's motion for attorneys' fees ($17,500) and costs ($1,089.51) and service award ($5,000), and the requested payment to the administrator ($5,500), then the net settlement amount to be distributed to the class is $40,535.49, which is about fifty eight percent (58%) of the gross settlement amount. Divided among the 36 class members, the projected average payment to class members is more than one thousand dollars, specifically, $1,125.99.

### IV.  KEY TERMS OF THE CLASS SETTLEMENT

Plaintiff incorporates by reference the discussion of the key terms of the proposed settlement set forth in Plaintiff's Motion for Preliminary Approval. *See* ECF No. 24 at ECF pages 6:2-9:17. The requirement of a claim form was subsequently eliminated. *See* ECF No. 31, at ECF

pages 3:13-3:3. The operative amended settlement agreement, captioned "STIPULATION RE: CLASS ACTION SETTLEMENT & RELEASE," was filed on August 12, 2019 (ECF No. 30) ("Settlement Agreement").

## V. LEGAL STANDARDS FOR CERTIFICATION OF SETTLEMENT CLASS AND FINAL APPROVAL OF CLASS SETTLEMENT

### A. Class Claims Settled Under Rule 23

#### 1. Criteria

Rule 23(e) of the Federal Rules of Civil Procedure provides that settlement of the claims of a certified class is subject to the court's approval. In the Ninth Circuit, settlement of class actions is generally favored as a matter of "strong judicial policy." *Alberto* v. *GMRI, Inc.,* 252 F.R.D. 652, 658 (E.D. Cal. 2008) (citing *Class Plaintiffs* v. *City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992)).

That principle is subject to certain limitations when the parties to a class action agree to settle before a class is certified. To ensure that the proposed class is appropriate and protect the interests of absent members of the class, courts are required to "pay" undiluted, even heightened, attention "to class certification requirements" and consider whether the proposed settlement "taken as a whole" "is fundamentally fair, adequate, and reasonable." *Staton* v. *Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003) (citing *Amchem Prods. Inc.* v. *Windsor,* 521 U.S. 591, 620, 117 S. Ct. 2231 (1997) and quoting *Hanlon* v. *Chrysler Corp.,* 150 F.3d 1011, 1019, 1026 (9th Cir. 1998)). Thus, before it can approve the proposed settlement, the Court must determine whether the class satisfies all four criteria of Federal Rule of Civil Procedure 23(a) and one prong of Rule 23(b). *Alberto*, 252 F.R.D. at 659. The Court must also determine whether the proposed settlement terms are fair to the class as a whole, reasonable, and adequate. *Id.*

#### 2. Procedure

Procedurally, the reviewing court's evaluation is conducted in two stages. *Alberto,* 252 F.R.D. at 658. At the first stage, the court conditionally certifies a class for settlement purposes, preliminarily approves the settlement pending the "fairness hearing," and authorizes notice of the proposed class settlement to be given to the class. *Id.* (citations omitted). *See also* MANUAL FOR

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES – *Munoz v. Big Bus Tours Limited et al.*, Civil Case No. 3:18-cv-05761-SK

COMPLEX LITIGATION (Fourth) § 21.632 (2004) ("MANUAL FOR COMPLEX LITIGATION") (summarizing "preliminary fairness review"). In this case, the first stage has been completed.

Stage two is the fairness hearing, set for a time after notice has been provided to the class and class members have had an opportunity to submit claims or objections to the proposed settlement or to opt out. *Alberto,* 252 F.R.D. at 659 (citations omitted). At or after the fairness hearing, taking into account the responses of class members and any additional information gained, the court reaches a final determination about whether the proposed settlement should be approved. *Id*.

### B.   Standards for Class Settlement of FLSA Claims

Employee claims under the FLSA may not be settled without supervision of either the Secretary of Labor or a district court. The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 U.S. Dist. LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Yue Zhou v. Wang's Rest.,* 2007 U.S. Dist. LEXIS 60683, at *2-4 (N.D. Cal. Aug. 8, 2007) (citations omitted, brackets in original); *accord Stevens v. Safeway Inc.,* 2008 U.S. Dist. LEXIS 17119, at *12-13 (C.D. Cal. Feb. 25, 2008). The standard for approving a proposed settlement of FLSA claims "is similar to that used in evaluating settlements under Rule 23(e)": "the district court's role ... 'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Stevens,* 2008 U.S. Dist. LEXIS 17119, at *l3-14 (quoting *Officers for Justice v.*

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES – *Munoz v. Big Bus Tours Limited et al*., Civil Case No. 3:18-cv-05761-SK

*Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied,* 459 U.S. 1217, 103 S.Ct. 1219 (1983)).

## VI. THE COURT SHOULD GRANT FINAL APPROVAL

### A. Conditional Certification of the Class for Settlement Purposes Is Warranted

The Court conditionally certified the class in its order granting preliminary approval of the settlement. *See* Preliminary Approval Order, ¶ 2. For the same reasons set forth in Plaintiff's motion and renewed motion for preliminary approval, Plaintiff requests that the Court enter the proposed order filed herewith granting final approval of the settlement, including the certification of the Settlement Class as a collective action under the FLSA and certification of the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* ECF Nos. 24 and 31.

### B. The Proposed Settlement Is Fair, Reasonable, and Adequate

#### 1. The Court Already Granted Preliminary Approval

The Court granted preliminary approval of the settlement on September 5, 2019 (ECF No. 33). At that stage, the question was whether the proposed settlement falls within the "range of possible approval" and appears to be sufficiently fair, reasonable, and adequate to warrant distributing notice to class members informing them about the proposed settlement and their options for responding and participating. *Molski v. Gleich,* 318 F.3d 937, 944 (9th Cir. 2003). *See also* MANUAL FOR COMPLEX LITIGATION § 21.632. "Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness and adequacy of the settlement," the court should direct notice to issue and schedule a final approval hearing. *Id.,* § 21.633 at 321.

#### 2. The Class Supports the Settlement

The Court-approved notice was mailed to the class members on September 26, 2019 regarding the terms of the settlement, the monetary relief, and their right to opt out or object to the settlement. As noted, only one (1) of the putative class members requested to be excluded. No class member filed an objection.

The low number of opt-outs and objections demonstrates a general acceptance of the Settlement by Class Members. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF
POINTS AND AUTHORITIES – *Munoz v. Big Bus Tours Limited et al*., Civil Case No. 3:18-cv-05761-SK

*Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied,* 459 U.S. 1217, 103 S.Ct. 1219 (1983)).

## VI. THE COURT SHOULD GRANT FINAL APPROVAL

### A. Conditional Certification of the Class for Settlement Purposes Is Warranted

The Court conditionally certified the class in its order granting preliminary approval of the settlement. *See* Preliminary Approval Order, ¶ 2. For the same reasons set forth in Plaintiff's motion and renewed motion for preliminary approval, Plaintiff requests that the Court enter the proposed order filed herewith granting final approval of the settlement, including the certification of the Settlement Class as a collective action under the FLSA and certification of the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* ECF Nos. 24 and 31.

### B. The Proposed Settlement Is Fair, Reasonable, and Adequate

#### 1. The Court Already Granted Preliminary Approval

The Court granted preliminary approval of the settlement on September 5, 2019 (ECF No. 33). At that stage, the question was whether the proposed settlement falls within the "range of possible approval" and appears to be sufficiently fair, reasonable, and adequate to warrant distributing notice to class members informing them about the proposed settlement and their options for responding and participating. *Molski v. Gleich,* 318 F.3d 937, 944 (9th Cir. 2003). *See also* MANUAL FOR COMPLEX LITIGATION § 21.632. "Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness and adequacy of the settlement," the court should direct notice to issue and schedule a final approval hearing. *Id.,* § 21.633 at 321.

#### 2. The Class Supports the Settlement

The Court-approved notice was mailed to the class members on September 26, 2019 regarding the terms of the settlement, the monetary relief, and their right to opt out or object to the settlement. As noted, only one (1) of the putative class members requested to be excluded. No class member filed an objection.

The low number of opt-outs and objections demonstrates a general acceptance of the Settlement by Class Members. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action

6

are favorable to the class members. Thus, the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it." *Ching v. Siemens Indus.*, 2014 U.S. Dist. LEXIS 89002, at *18-19 (N.D. Cal. June 27, 2014) (citations and internal quotations omitted). *See also Corson v. Toyota Motor Sales U.S.A.*, 2016 U.S. Dist. LEXIS 46757, at *22-23 (C.D. Cal. Apr. 4, 2016) ("Here, KCC has received only one objection to the Settlement Agreement and 99 timely requests for exclusion. Given the small number of opt-outs and objections, the Court finds that this factor weighs in favor of final approval.") (citation omitted); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) ("Clearly, the number of objectors in this case fell well below the four percent of objectors paraded in *Petrovic*. The district court has a duty to the silent majority as well as the vocal minority. While we agree that these vocal objectors should also be considered, we do not believe that disapproval of the settlement is warranted in this case.") (citations omitted) (citing *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999), *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1177 (8th Cir. 1995), *cert denied*, 517 U.S. 1156, 134 L. Ed. 2d 648, 116 S. Ct. 1544 (1996)). *See, e.g., Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (approving settlement where "only" 29 objections were made in a 281-member class); *Marshall v. NFL*, 787 F.3d 502, 513 (8th Cir. 2015) ("We have previously approved class-action settlements even when almost half the class objected to it."); *Elliott v. Sperry Rand Corp.*, 680 F.2d 1225, 1226-27 (8th Cir. 1982) (finding no abuse of discretion even though both named plaintiffs objected to it and 790 of approximately 3,000 members objected); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988) (180 of 400 inmates objecting).

### 3. All Other Relevant Factors Also Support Final Approval

Factors relevant to whether a proposed class settlement should be approved include: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill*

7

*Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). Another consideration is whether the settlement is "the product of collusion among the negotiating parties." *Id*. at 576.

The Strength of the Plaintiffs' Case

If Plaintiff was to prevail on liability at trial, then the amount of damages awarded could fall within a wide range, based on the number of compensable hours at issue, the statute of limitations, the potential punitive damages, among other factors. For example, if Defendant (1) convinced the finder of fact that Plaintiffs did not work during the alleged uncompensated time and/or that such time was not compensable; (2) eliminated the third year of the statute of limitations by establishing any violation was not willful; and (3) avoided punitive damages, the total damages for the class members would likely be much smaller than the agreed upon settlement amount. If, on the other hand, Plaintiff convinced the finder of fact that class members were entitled to many hours per week of overtime pay, was successful in obtaining a three year statute of limitations, and obtained punitive damages, the total damages for the class would be much higher than the agreed upon settlement amount.

Because the variables in an FLSA damage analysis cause the numbers to vary so widely, as shown above, it is often difficult to pinpoint a realistic "potential recovery" in an FLSA case such as this one. At $70,000.00 overall, the proposed settlement is substantial. This is not a settlement where the aggregate figure is large simply because the size of the class is in the tens or hundreds of thousands. Instead, class members are eligible to recover significant financial benefit, on average more than one thousand dollars, specifically, $1,125.99 each. These considerations indicate that the proposed settlement falls within the range of reasonableness, warranting preliminary approval. This conclusion is reinforced by considering such factors as the risk that a class might not be certified or might be significantly smaller than proposed, and the time, expense, and complexity of the litigation, including the possibility of appellate proceedings.

In light of Plaintiffs' counsel's analysis of the estimated value of the potential recovery ($117,000), as described in the declaration of Plaintiff's counsel, the gross settlement amount of $70,000 is adequate and reasonable. *See* Tidrick Decl. (ECF No. 24-1) ¶ 18.

While Class Counsel believe that Plaintiff's claims are meritorious, they are experienced class action litigators, and understand that the outcome of class certification, trial, and any attendant appeals were inherently uncertain, as well as likely to consume many more months, even years. Having reviewed numerous documents, and having extensively investigated and researched the pivotal legal and factual issues, counsel for the parties, experienced class action litigators well versed in wage and hour law, arrived at a reasonable resolution through a protracted and arm's-length mediation and negotiation process, which continued into all details of the settlement agreement and the proposed class notice.

### The Risk, Expense, Complexity, And Likely Duration of Further Litigation

The Court must weigh the benefits of the proposed settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. *See, e.g., Officers for Justice,* 688 F.2d at 625; *Young v. Katz,* 447 F.2d 431, 433-34 (5th Cir. 1971). The policy that favors settlement of class actions and other complex cases applies with particular force here. Employment cases, and specifically wage and hour cases, are expensive and time-consuming. That this is a class action further amplifies the economies of time, effort, and expense achieved by the settlement. The settlement, on the other hand, provides to all class members substantial relief, promptly and efficiently. The settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *Van Bronkhorst* v. *Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976) (footnote omitted); *see also* 4 NEWBERG ON CLASS ACTIONS § 11.41 (citing cases).

Indeed, there are significant risks that the putative class would face if the litigation were to continue.

First, there is the risk that no FLSA collective or Rule 23 class would be certified, the risk that an order certifying an FLSA collective or a Rule 23 class would be overturned on appeal, and the risk that a certified class would later be decertified, each of which is a significant risk.

Second, there is the risk that Plaintiff could lose on the merits, either on summary judgment or at trial.

The above-described risks favor final approval.

### The Risk of Maintaining Class Action Status Throughout The Trial

As discussed above, there is the risk that no FLSA collective or Rule 23 class would be certified, the risk that an order certifying an FLSA collective or a Rule 23 class would be overturned on appeal, and the risk that a certified class would later be decertified, each of which is a significant risk in a case such as this. Plaintiff has argued, and would continue to argue if the case were to proceed, that class action status is warranted in this case. Nevertheless, the risk of decertification is a factor that favors approval of the settlement. *See generally Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (district court may decertify a class at any time). Accordingly, this factor favors final approval.

### The Amount Offered in Settlement

In an analogous class action, the court aptly observed that it would have been irrational for most, and probably all, class members to pursue their claims on an individual basis "because of the disparity between their litigation costs and what they hope to recover." *Local Joint Executive Bd.,* 244 F.3d at 1163.

The recovery provided through the settlement is substantial, relative to the potential recovery, especially as its adequacy must be judged as "a yielding of absolutes and an abandoning of highest hopes. . . . Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation ...." *Officers for Justice,* 688 F.2d at 634 (citation omitted). Accordingly, the settlement is not to be judged against a speculative measure of what might have been achieved. *Linney* v. *Cellular Alaska P'ship,* 151 F .3d 1234, 1242 (9th Cir. 1998). An additional consideration is that the settlement provides for payment to the class now, rather than many years down the road, if ever. *See City of Detroit* v. *Grinnell Corp.,* 495 F .2d 448, 463 (2d Cir. 1974).

Thus, considering the probability of lengthy litigation in the absence of a settlement, and the risk of not prevailing at trial or on appeal, it is no exaggeration to predict that without using the class action process, the relief that individual members of the class were likely to achieve ranged from negligible to zero. Consequently, the settlement satisfies the criterion of adequacy.

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES – *Munoz v. Big Bus Tours Limited et al.*, Civil Case No. 3:18-cv-05761-SK

*See* MANUAL FOR COMPLEX LITIGATION § 21.62 ("Adequacy of the settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process.").

Accordingly, this factor favors final approval.

<u>The Extent of Discovery Completed and The Stage of the Proceedings</u>

Plaintiff's counsel conducted an extensive investigation of the claims and defenses in the prior litigation. *See* Tidrick Decl. ¶ 2. As a result, Plaintiff's counsel was in a position to make informed decisions regarding settlement. This favors final approval.

<u>The Experience and Views of Counsel</u>

Plaintiff's counsel are experienced class action litigators, and they recommend the settlement. This factor favors final approval.

<u>The Presence of a Governmental Participant</u>

As in many employment class action cases, there was no governmental participant in the negotiation process, therefore this factor is neutral.

<u>The Reaction of the Class Members to The Proposed Settlement</u>

As described above, the overall reaction of the class members reflects support of the settlement. This favors final approval.

<u>The Proposed Settlement Is Not The Product of Collusion</u>

The settlement negotiations were conducted at arm's length between experienced counsel. This favors final approval.

For all the above reasons, and the for the reasons set forth in the filings that that Court considered in granting preliminary approval of the settlement, Plaintiff respectfully requests that the Court find that the Settlement Agreement is fair and reasonable, grant final approval, and enter the proposed order filed herewith.

**VII.   THE PAGA PROVISIONS ARE REASONABLE**

This Court has discretion with regard to approval of the amount to be allocated for payment to the California Labor & Workforce Development Agency (LWDA) in connection with settlement of the PAGA claims. *See, e.g., Nordstrom Commission Cases*, 186 Cal. App. 4th 576

11

(2010) ("We conclude the trial court did not abuse its discretion in approving a settlement which does not allocate any damages to the PAGA claims."). In this case, the settlement's allocation of payment of $500 in connection with settlement of the PAGA claims (75% of which shall be paid to the LWDA and 25% of which shall be paid to the Settlement Class members as part of the Net Settlement Amount) reflects a reasonable valuation of the PAGA claims relative to the other claims in the suit, and is in line with PAGA payments in other settlements that courts have approved. *See e.g., Viceral v. Mistras Group, Inc.*, 2016 U.S. Dist. LEXIS 140759, at *25-*31 (N.D. Cal. Oct. 11, 2016) (Chen, J.) (finding that, in the context of a $6 million settlement, a PAGA payment of $20,000 was reasonable); *Franco v. Ruiz Food Prods., Inc.*, 2012 U.S. Dist. LEXIS 169057, at *41-*42 (E.D. Cal. Nov. 27, 2012) (finding that, in the context of a $2.5 million settlement, a PAGA payment of $10,000 was reasonable and in line with settlement approval of PAGA awards in other cases) (citing cases). *See also Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1148 (2012) (discussing the "general rule" regarding the 75/25 split).

## VIII. THE COURT IS TO SELECT THE *CY PRES* RECIPIENT

The settlement provides that class members shall have one hundred eighty (180) days from the date their individual settlement payment checks are prepared to cash their settlement checks, and that any checks that remain uncashed upon the expiration of that 90-day time period will be void, and shall revert to *cy pres*. *See* Settlement Agreement at § 13(a). The *cy pres* recipient has been proposed by the parties and is subject to approval and/or modification by the Court. *See id*. The Settlement Administrator shall distribute any *cy pres* payments.

The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011) (quoting *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1307–08 (9th Cir. 1990)). "*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *See id.*

"Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary." *Dennis*

12

*v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012). To avoid the "many nascent dangers to the fairness of the distribution process," we require that there be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Id*. (quoting *Nachshin*, 663 F.3d at 1038). "A *cy pres* award . . . must not benefit a group too remote from the plaintiff class . . . ." *Id*. (quoting *Six Mexican Workers,* 904 F.2d at 1308).

The declaration of Jocelyn Larkin, to be filed soon, establishes that there is a driving nexus between the plaintiff class and The Impact Fund. Plaintiff respectfully requests that the Court select The Impact Fund or another appropriate *cy pres* recipient in light of the factors set forth in the case law cited above, and order that unclaimed funds be paid to that organization as provided in paragraph 112(a) of the Settlement Agreement.

## IX. CONCLUSION

Plaintiff respectfully requests that the Court enter the proposed order filed herewith.

DATED: December 30, 2019          Respectfully submitted,

THE TIDRICK LAW FIRM LLP

By:   /s/ Steven G. Tidrick

_____
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

Attorneys for Plaintiff Victor Munoz